**Electronically Filed
Intermediate Court of Appeals
30747
28-JUN-2012
09:57 AM**

NO. 30747

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JOHN L. JONES, Plaintiff-Appellee, v.
BARBARA A. VAN BALEN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 06-1-0023)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Reifurth, JJ.)

Defendant-Appellant Barbara A. Van Balen ("Van Balen"), acting pro se, appeals from the August 18, 2010 Findings of Fact, Conclusions of Law, and Order Arising from Hearing as to Commissioner's "Motion as to Commissions's Report and Confirmation of Sale," Filed March 18, 2010 ("Order 1"), and from the April 19, 2011 Order Granting "Motion for Further Hearing on Plaintiff's Motion to Further Instruct the Commissioner Filed November 1, 2010" Filed January 25, 2011 ("Order 2"). Both orders were entered in the Circuit Court of the Fifth Circuit ("Circuit Court").[1]

On appeal, Van Balen argues that she had an approved mortgage to complete the purchase of a parcel of property in Kaua'i owned by Van Balen and Plaintiff-Appellee John L. Jones ("Jones") as tenants in common ("Property"), but that Jones and his attorneys conspired with Van Balen's ex-husband and his attorney to have Jones make prejudicial false statements against Van Balen at a June 17, 2010 telephone deposition in the case *Barbara A. Van Balen v. Richard P. Van Balen*, Case No. 84016-v in

---

[1] The Honorable Randal G.B. Valenciano presided.

the Circuit Court for Montgomery County, Maryland ("Maryland Case"). Van Balen contends that Jones's false statements caused Van Balen to lose her right to alimony which, in turn, caused her to lose financing to purchase the Property. Van Balen argues that the Circuit Court should hold an evidentiary hearing on issues relating to the Maryland Case.

Jones does not present a substantive argument in response; instead, as part of his answering brief, Jones renewed his motion for dismissal of appeal and for fees, arguing that Van Balen's appeal should be dismissed due to her failure to comply with Hawai'i Rules of Appellate Procedure ("HRAP") Rule 28(b) and that he is entitled to recover his attorneys' fees and costs related to what he characterizes as Van Balen's frivolous appeal.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Van Balen's appeal as follows:

(1) While Van Balen's opening brief fails to comply with many of the HRAP Rule 28(b) requirements, Hawai'i courts adhere to the "policy of affording litigants the opportunity to have their cases heard on the merits, where possible." *Kanahele v. Han*, 125 Hawai'i 446, 455, 263 P.3d 726, 735 (2011) (quoting *Schefke v. Reliable Collection Agency, Ltd.*, 96 Hawai'i 408, 420, 32 P.3d 52, 64 (2001) (internal quotation marks and brackets omitted).

Here, the issue raised on appeal was raised below in the November 18, 2010 Declaration of Barbara A. Van Balen ("Van Balen Declaration"), which we construe as an opposition to Jones's November 1, 2010 Motion to Further Instruct the Commissioner. *See Anderson v. Oceanic Props., Inc.*, 3 Haw. App. 350, 355, 650 P.2d 612, 617 (1982) ("it is the substance of the pleading that controls, not its nomenclature"); *State v. Liu*, No. 28433, 2008 WL 4336003, at *1 n.2 (Haw. Ct. App. Sept. 24, 2008) (construing pro se defendant's "Motion for Mistrial and Judgment of Acquittal" as a motion for new trial).

Furthermore, Jones raises a legal argument in opposition to Order 2.[2/] Order 1 confirmed the sale of the Property to Van Balen and extinguished Jones's claims against the Property subject to Van Balen closing on the Property within 45 days of the filing of Order 1. Van Balen did not close on the Property within 45 days. However, Van Balen contended in her declaration that Jones and his attorneys conspired with Van Balen's ex-husband's attorney to defame Van Balen in the Maryland Case, causing her to lose her alimony which, in turn, caused her to lose the financing she needed to close on the Property. We interpret Van Balen's argument to be that the November 1, 2010 Motion to Further Instruct the Commissioner should not have been granted because Jones and his attorneys inequitably prevented Van Balen from closing on the Property within 45 days of Order 1, and Jones should not be allowed to benefit from his own wrongdoing. *See Sugarman v. Kapu*, 104 Hawai‘i 119, 124, 85 P.3d 644, 649 (2004) (the decision whether to confirm a judicial sale made pursuant to Hawaii Revised Statutes § 668-14 is subject to the circuit court's equitable discretion); *Lucas v. Am.-Hawaiian Eng'r & Constr. Co.*, 16 Haw. 80, 85 (Haw. Terr. 1904) ("Equity will give no relief to a party who does not come into court with clean hands."). Therefore, we will consider Van Balen's appeal on the merits.

(2) Van Balen's arguments on appeal do not relate to Order 1 but instead relate to propriety of the Circuit Court issuing Order 2. Thus, Order 1 is affirmed.

(3) Van Balen failed to show that the Circuit Court abused its discretion when it entered Order 2.[3/]

---

[2/] In making this determination, we note the general principle that the filings and pleadings of pro se parties "should be interpreted liberally." *Dupree v. Hiraga*, 121 Hawai‘i 297, 314, 219 P.3d 1084, 1101 (2009); *accord Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest*." (internal quotation marks omitted)).

[3/] We note that Order 2 is not void. "Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." *TSA Int'l, Ltd. v. Shimizu Corp.*, 92 Hawai‘i 243, 265, 990 P.2d 713, 735 (1999) (citing *State v. Ontiveros*, 82 Hawai‘i 446, 448-49, 923 P.2d 388, 390-91 (1996)). However, "[n]otwithstanding the general effect of the filing
(continued...)

> When a court of equity is appealed to for relief it will not go outside of the subject matter of the controversy, and make its interference to depend upon the character and conduct of the moving party in no way affecting the equitable right which he asserts against the defendant, or the relief which he demands.

*The 7's Enters., Inc. v. Del Rosario*, 111 Hawaiʻi 484, 495, 143 P.3d 23, 34 (2006) (quoting *Woodward v. Auyong*, 33 Haw. 810, 811-12 (1936)).

While the Van Balen Declaration states that she could present unbiased witnesses to establish that Jones lied in his deposition, the connection between the Maryland Case and this case appears to be based on nothing more than speculation and conjecture. The Van Balen Declaration does not indicate how Van Balen had personal knowledge that Jones and his attorneys conspired to have Jones lie in his deposition for the purpose of causing Van Balen to lose her alimony,[4/] which in turn would cause Van Balen to lose her financing to purchase the Property, which, finally, would render Van Balen financially unable to comply with the terms of Order 1. Van Balen's argument related to matters which took place in litigation in Maryland, and the Van Balen Declaration does not suggest how she intended to prove any connection between the Maryland Case and this case. Thus, Van Balen has not shown an abuse of discretion. *See The 7's*

---

[3/] (...continued) of a notice of appeal, the trial court retains jurisdiction to determine matters collateral or incidental to the judgment, and may act in aid of the appeal. For example, because the mere filing of a notice of appeal does not affect the validity of a judgment, the circuit court retains jurisdiction to enforce the judgment." *Id.* (citations omitted).

Here, in the November 26, 2008 Order Granting "[Jones's] Motion to Confirm Arbitrator's Decision and to Appoint Commissioner" Filed August 4, 2008, the Circuit Court appointed the Commissioner "to dispose of the property that is the subject of this suit in accordance with Hawaii Revised Statutes Section 668-13, reserving unto the court the powers to issue further instructions from time to time." Both Order 1 and Order 2 relate to the enforcement of the November 26, 2008 order — that is, to facilitate the Commissioner's sale of the Property. The Circuit Court correctly determined that it had jurisdiction to enter Order 2 because no stay upon Van Balen's appeal from Order 1 was in effect. *See* Haw. R. Civ. P. 62(d).

[4/] We note that Van Balen failed to present any evidence that Jones's testimony actually caused her to lose her alimony in the Maryland Case.

*Enters.*, 111 Hawai'i at 494-95, 143 P.3d at 33-34.[5]

(4) Van Balen's appeal was not frivolous, and we decline to award damages to Jones pursuant to HRAP Rule 38.

Therefore, the August 18, 2012 Findings of Fact, Conclusions of Law, and Order Arising from Hearing as to Commissioner's "Motion as to Commissions's Report and Confirmation of Sale," Filed March 18, 2010 and the April 19, 2011 Order Granting "Motion for Further Hearing on Plaintiff's Motion to Further Instruct the Commissioner Filed November 1, 2010" Filed January 25, 2011 are affirmed. Jones's renewed motion for dismissal of appeal and for fees is denied.

DATED: Honolulu, Hawai'i, June 28, 2012.

On the briefs:

Barbara A. Van Balen,
Pro Se Defendant-Appellant.

Patrick J. Childs
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

---

[5] As an alternate basis for affirming Order 2, we note that on February 24, 2010, a hearing on the Motion to Further Instruct the Commissioner the January 25, 2011 Motion for Further Hearing on Plaintiff's Motion to Further Instruct the Commissioner Filed November 1, 2010 was held, and Van Balen has not provided a transcript from the hearing in which the claims in the Van Balen Declaration could have been discussed and rejected. Thus, Van Balen has not shown that she is entitled to relief. *See Bettencourt v. Bettencourt*, 80 Hawai'i 225, 230, 909 P.2d 553, 559 (1995) ("The burden is upon the appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript.").